**COURT OF COMMON PLEAS**
**FOR THE STATE OF DELAWARE**
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302) 735-3910

CHARLES W. WELCH, III
JUDGE

June 10, 2014

Mr. Spencer E. Dunkley
Ms. Denise M. Ashton-Dunkley
PO Box 222
Odessa, DE 19730
*Pro Se* Defendants-Below/Appellants

John C. Andrade, Esq.
Parkowski, Guerke & Swayze
116 West Water Street
PO Box 598
Attorney for Plaintiff Below/Appellee

RE:   Dunkley, et al. v. Villas of West Shore Maint. Corp.
       C.A. No.: CPU5-10-002344

       Motion to Stay Execution

Dear Mr. Dunkley, Ms. Dunkley and Mr. Andrade:

The Court is in receipt of the Motion to Stay Execution submitted by the Appellants/Defendants-Below, Spencer E. Dunkley and Denise M. Ashton- Dunkley ("defendants"). The defendants request the Court to stay execution of the levy on their vehicles by the Appellee/Plaintiff-Below, Villas of West Shore Maintenance Corporation ("plaintiff"), on grounds of undue hardship. The defendants argue that they have complied with the judgment thus far, making monthly payments of an average of $30 to the plaintiff. The defendants further contend that the judgment amount levied on their vehicles is inaccurate and that the plaintiff has been unwilling to negotiate in its interactions with them. After carefully reviewing the motion, the Court must deny the defendants' request to stay execution.

Pursuant to title 10, section 5072 of the Delaware Code, "[a]n execution may be issued upon a judgment in a civil action at any time within 5 years from the time when such judgment

was entered or rendered . . . ." DEL. CODE ANN. tit. 10, § 5072(a). In this case, the Court entered judgment against the defendants on November 23, 2011 in the amount of $280.97, plus pre and post judgment interest from July 31, 2010, at the rate of 18% per annum, and court costs and reasonable attorneys' fees. On January 10, 2012, the Court awarded the plaintiff reasonable attorneys fees in the amount of $3,265. On May 6, 2014, the plaintiff sought to execute the judgment. Therefore, the Court finds that the plaintiff was well within the 5 year statutory deadline set forth in §5072(a).

The Court has reviewed the levy and the monthly installment receipts submitted by the defendants with their motion and concludes that the amount of the levy executed on by the plaintiff was accurate. The levy set forth an accounting of the defendants' debt. In their motion, the defendants mistakenly assert that the levy was issued on the full amount of the judgment, $3,265, without taking into account installment payments made by the defendants to the plaintiff. However, review of the levy shows that the plaintiff deducted $585 for payments submitted by the defendants from the total amount of the judgment. In addition to this deduction, $220.50 was added to the levy pursuant to the costs of execution. Therefore, the Court finds that the amount of the levy executed by the plaintiff was accurate.

Finally, the defendants argue that the plaintiff has been uncooperative in negotiating with them regarding payments on the judgment. To the contrary, the Court concludes that the plaintiff has been more than cooperative with the defendants. Attached with the defendants' motion was a letter sent by the plaintiff to the defendants on December 19, 2013. The letter stated that the plaintiff would refrain from seeking execution of the judgment until January 25, 2014, in order to give the defendants time to satisfy the judgment. The Court notes that the

plaintiff gave the defendants until May 6, 2014, over two years after judgment was entered, to satisfy the judgment before seeking execution.

The Court recognizes that the defendants are facing financial difficulties. However, the fact remains that the plaintiff holds a legally valid judgment against the defendants and is entitled to payment. The Court finds that there is no legal basis in this action to stay execution of the levy based on the assertions alleged by the defendants. Therefore, the defendants' motion to stay execution of the levy is DENIED.

**IT IS SO ORDERED.**

Sincerely,

Charles W. Welch, III

CWW: mek